# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### NORTHERN DIVISION

|  |  |
|---|---|
| Kathrina Ali, | : |
|  | : |
|  | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
|  | : |
| MiraMed Revenue Group, LLC; and DOES 1- | : **COMPLAINT** |
| 10, inclusive, | : |
|  | : |
| Defendants. | : |
|  | : |

For this Complaint, Plaintiff, Kathrina Ali, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      Plaintiff, Kathrina Ali ("Plaintiff"), is an adult individual residing in Reistertown,

Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, MiraMed Revenue Group, LLC ("MiraMed"), is an Illinois business

entity with an address of 360 East 22nd Street, Lombard, Illinois 60148, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by MiraMed and

whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined

as parties once their identities are disclosed through discovery.

7.      MiraMed at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to MiraMed for collection, or MiraMed was employed by the Creditor to collect the Debt.

11.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. MiraMed Engages in Harassment and Abusive Tactics

12.     Within the last year, MiraMed began calling Plaintiff's workplace in an attempt to collect the Debt.

13.     In May 2018, Plaintiff informed MiraMed that she could not receive personal calls at work and asked them to stop calling that number.

14.     Nevertheless, MiraMed continued to call Plaintiff at work in an attempt to collect the Debt.

### C. Plaintiff Suffered Actual Damages

15.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff

2

suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.      Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiff at a place known to be inconvenient for Plaintiff.

19.      Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted Plaintiff at her place of employment.

20.      Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

21.      Defendants' conduct violated 15 U.S.C. § 1692d(5)  in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

22.      Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

23.      The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the .

24.      Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

25.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

27.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

28.     Defendants repeatedly contacted Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

29.     Plaintiff is entitled to damages proximately caused by Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b); and

6.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 20, 2018

Respectfully submitted,

By     /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF